# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS KEENER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW M. SAUL, ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) | Case No. CIV-20-649-SM |

## MEMORANDUM OPINION AND ORDER

Nicholas Keener (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 16, 17.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings because the Administrative Law Judge erred in considering three third-party function reports and because the ALJ considered the reports under new regulations that should not receive deference. Doc. 18, at 3-10. After a careful review of the record (AR), the

parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

2

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.    Relevant findings.

#### 1.    Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 10-19; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found that Plaintiff:

(1)   had not engaged in substantial gainful activity since July 1, 2017, the alleged onset date;

(2)   had the following severe medically determinable impairments: bipolar disorder, schizophrenia, personality disorder, and substance abuse;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the residual functional capacity[2] (RFC) to perform a full range of work at all exertional levels but was also limited to: (a) simple, routine and repetitive tasks; (b) employment in a low stress job with only occasional decision making required and only occasional changes in the work setting; (c) having no interaction with the public; and (d) having only occasional interaction with co-workers and supervisors;

(5)   was unable to perform any past relevant work;

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

(6) could perform jobs that exist in significant numbers in the national economy, such as dishwasher, warehouse worker, and housekeeping cleaner; and so,

(7) had not been under a disability from July 1, 2017, through October 4, 2019.

*See* AR 12-19.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on

substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

    **B.**    **Issues for judicial review.**

Plaintiff asserts new regulations promulgated by the Social Security Administration regarding the consideration of nonmedical evidence are contrary to statute and should not be given deference. Doc. 18, at 3-5. Plaintiff also argues the ALJ's consideration of the third-party function reports is not supported by substantial evidence. *Id.* at 5-10.

**III. Analysis of the ALJ's decision.**

    **A.**    **The ALJ found the third-party function reports were inconsistent with the totality of the evidence of record.**

Plaintiff argues the ALJ erred in considering third-party function reports completed by his mother and two of his aunts. *Id.* at 3; AR 292-99; 347-54; 355-62. In considering the third-party function reports, the ALJ found:

> The evidence of records shows three third party Function Reports from the claimant's family (mother, and two aunts) (Exhibit's 7E, 15E, 16E).
>
> The claimant's mother noted the claimant helps take care of the dog. He is able to perform his own personal care. He needs reminders when taking his medication. He can prepare simple meals, clean-up and do laundry. He is able to drive and does so some times. He shops in stores but has to have a list because he

can't remember. He can count change but is unable to manage money. He plays games on his phone, watches television, and "mingles in garage". He stays around close to family, because he doesn't like crowds. He gets easily side-tracked. He tries to follow written instructions but has problems following spoken instructions. He does not get along well with authority figures (Exhibit 7E).

The claimant's aunt, Karen Johnson, noted she only sees the claimant one day per week. Ms. Johnson reported the claimant has no problems performing personal care. He can prepare simple meals, and he tries to help with household chores. He is able to shop but not for very long. He can count change but cannot manage money. His hobbies include hunting and fishing, but he hardly does them now. He has a very short attention span and does not do well following instructions (Exhibit 15E).

The claimant's aunt, Donni Coffelt, did not indicate how often she sees the claimant. Ms. Coffelt stated the claimant has no problems with personal care. He prepares meals 3-4 times weekly and helps with household chores. He can count change, but cannot manage money. He watches television and does "dumpster diving". He can pay attention for about 15 minutes and can follow instructions, but it depends on the day and his mood swings. He does not do well with authority figures (Exhibit 16E).

The statements made in the three third party Function Reports are not consistent with the totality of evidence.

AR 17.

### B. The new regulations, which do not require the ALJ to articulate how he considered nonmedical evidence, are entitled to deference.

Plaintiff filed her claims on October 6, 2017. *Id.* at 10. Because Plaintiff filed the claim after March 27, 2017, new regulations apply to the consideration of opinion evidence. 20 C.F.R. §§ 404.1513(a), 416.913(a). Third-party function

6

reports completed by family members are considered "evidence from nonmedical sources." *Id.* §§ 404.1513(a)(4), 416.913(a)(4) ("Evidence from nonmedical sources is any information or statement(s) from a nonmedical source (including you) about any issue in your claim."). An ALJ is "not required to articulate how [he] considered evidence from nonmedical sources." *Id.* §§ 404.1520c(d), 416.920c(d).[3]

Plaintiff argues the Court should not defer to the new regulations.[4] Doc. 18, at 4-5. To determine whether a regulation should be given effect, the Court first determines "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). If so, the Court "must give effect to the unambiguously expressed intent of Congress." *Id.* at 843. If "Congress has not directly addressed the

---

[3] Prior regulations required an ALJ to consider opinions from nonmedical sources "using the same factors" as medical opinions and to "explain the weight given to [them] or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. §§ 404.1527(f)(1)-(2), 416.927(f)(1)-(2).

[4] Plaintiff also argues the new regulations "absolve[] the agency of any obligation to consider non-medical source evidence." Doc. 18, at 4. However, current regulations continue to require the ALJ to consider "all the relevant medical and other evidence in your case record" when formulating the RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This requirement specifically includes statements provided by family members. *Id.* §§ 404.1545(a)(3), 416.945(a)(3).

7

precise question at issue," the Court must determine whether the regulation "is based on a permissible construction of the statute." *Id.* The Court gives regulations "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844.

Plaintiff contends the new regulations are contrary to 42 U.S.C. § 405(b)(1), which requires decisions unfavorable to a claimant to "contain a statement of the case[, in understandable language], setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based." Doc. 18, at 5 (citing 42 U.S.C. § 405(b)(1)). The Court disagrees. Section 405(b)(1) does not directly address the relevant issue in the new regulations—whether an ALJ is required to articulate how he considered evidence from nonmedical sources. *See Jones v. Saul*, 2021 WL 620475, at *7 (E.D. Cal. Feb. 17, 2021) ("Because the agency is clearly within its power to fill an explicit gap in the statute, the new regulations are a permissible interpretation if they are not arbitrary, capricious, or contrary to the statute.").

Because Plaintiff does not argue the regulations are arbitrary and capricious, the Court need not reach the next step of the analysis. However, other courts addressing the issue have found the new regulations—at least as they pertain to new requirements for considering medical opinions—are not

8

arbitrary and capricious. *See Dany Z. v. Saul*, 2021 WL 1232641, at *10 (D. Vt. Mar. 31, 2021); *Jones*, 2021 WL 620475, at *7. Thus, the Court gives deference to and analyzes the ALJ's decision under the new regulations.

### C. Substantial evidence supports the ALJ's findings regarding the third-party function reports.

Plaintiff alternatively argues that the ALJ erred in his consideration of the third-party function reports. Doc. 18, at 5-9. Although the ALJ did not have to articulate how he considered the reports, he thoroughly summarized the reports and found that they were "not consistent with the totality of evidence." AR 17. Plaintiff contends the ALJ erred by not explaining which portions of the evidence were inconsistent with the function reports. Doc. 18, at 6. Plaintiff cites *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004), arguing an ALJ should "specifically highlight those portions of the record [that were] allegedly inconsistent." Doc. 18, at 6. *Hamlin* analyzed the now-defunct treating physician rule and a requirement to articulate specific, legitimate reasons for rejecting a treating physician's opinion. 365 F.3d. at 1215-17. The new regulations do not have a standard for how an ALJ must articulate nonmedical evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Thus, the cited portion of *Hamlin* does not apply.

Plaintiff also argues the medical evidence is not inconsistent with the function reports. Doc. 18, at 7-9. In support, Plaintiff focuses on portions of the

9

third-party function reports regarding his difficulties with mood swings, getting along with others, interacting with authority, and regulating his outbursts. *Id.* at 7. Plaintiff contends select records from his medical treatment support his relatives' conclusions. *Id.* Plaintiff was edgy and argumentative at his intake appointment with Red Rock Behavioral Health Services. AR 489. A week later, he acted disrespectfully toward a provider, yelled, did not listen, spoke continuously, and was very mad. *Id.* at 477. He also indicated he had hallucinations, paranoia, and poor sleep. *Id.* at 478. The practitioner noted Plaintiff had a depressed, irritable, anxious, angry, and hostile mood and that Plaintiff's problem/symptoms were worsening. *Id.* at 478-79. Four months later, his initial discharge summary indicates he made minimal progress. *Id.* at 519. Plaintiff also cites various medical records from over nearly two years of treatment with findings of hallucinations, paranoia, being fearful, distracted listening ability, limited insight, and depressed, anxious, and irritable mood/affect.[5] Doc. 18, at 8 (citing AR 472, 475, 496, 500, 505, 530, 532, 534, 536, 561).

---

[5]   The Court notes that the findings selected by Plaintiff were not consistent throughout the record. Indeed, some of the cited records note an alert listening ability (AR 472, 475, 496, 500, 530, 532, 536), a denial of hallucinations or paranoia (*id.* at 496, 530, 532, 536, 560), a level of insight required to understand the problem (*id.* at 472, 475, 496, 500, 505, 534, 536, 561), and a normal mood/affect (*id.* at 532).

Before addressing the third-party function reports, the ALJ summarized Plaintiff's progress notes in the decision, specifically addressing that Plaintiff heard voices, saw things occasionally, was disruptive in therapy groups, and his depressed, irritable, and anxious mood and affect. AR 15-16. But the ALJ also noted that Plaintiff "reported no chronic medical problems that interfere with his life" and "expressed no need for medical treatment" in August 2017. *Id.* at 15. The decision also refers to a September 2017 substance abuse evaluation in which the interviewer rated Plaintiff's need for psychiatric/psychological treatment as a moderate problem. *Id.* The ALJ also addressed Plaintiff's request to be discharged from Red Rock in January 2018 because "he felt he had learned all he could learn from the program." *Id.* at 16. The decision notes that Plaintiff later stated his medications were helping and that he had fair judgment. *Id.* The ALJ stated that Plaintiff spent time with others and could go out alone. *Id.* at 17. Finally, the ALJ also evaluated the opinions of the state agency physicians, whose opinions the ALJ found persuasive and consistent with the totality of the evidence. *Id.* at 16-17. Based on the conflicting evidence, the Court finds the ALJ's determination that the third-party function reports were not consistent with the totality of the evidence is supported by substantial evidence. *See Deherrera v. Comm'r, SSA*, 2021 WL 942778, at *2 (10th Cir. Mar. 12, 2021) ("More than a scintilla of

11

evidence supports this finding, so we cannot disturb [the ALJ's finding regarding a medical opinion]."). Thus, the ALJ did not err.[6]

## IV. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 16th day of June, 2021.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff argues that the RFC should have included additional limitations based on the third-party function reports and those limitations should have been included in the hypothetical question to the vocational expert. Doc. 18, at 9-10. But the ALJ did not err in his analysis of the third-party function reports, and the Court will not reweigh the evidence. *Newbold*, 718 F.3d at 1262.